UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-10125

PETER J. MULHERN, Trustee of Hermes Realty Trust,
and HABIT OPCO, INC.

v.

PHILADELPHIA INDEMNITY INSURANCE COMPANY

ORDER ON DEFENDANT"S MOTION FOR CLARIFICATION AND/OR
RECONSIDERATION OF ORDER DENYING ITS MOTION FOR
PARTIAL SUMMARY JUDGMENT

October 20, 2011

STEARNS, D.J.

Defendant, Philadelphia Indemnity Insurance Company (Philadelphia Indemnity), moves this court to reconsider its August 15, 2011 Memorandum and Order denying the parties' cross-motions for partial summary judgment, or, in the alternative, to clarify the issues for trial. "[A] party may not, on a motion for reconsideration, advance a new argument that could (and should) have been presented prior to the district court's original ruling." *Cochran v. Quest Software, Inc.*, 328 F.3d 1, 11 (1st Cir. 2003). The moving party must "'either clearly establish a manifest error of law or must present newly discovered evidence.'" *Pomerleau v. W. Springfield Pub. Sch.*, 362 F.3d 143, 146 n.2 (1st Cir. 2004), quoting *FDIC v. World Univ. Inc.*, 978 F.2d 10, 16 (1st Cir. 1992). Philadelphia Indemnity has done neither. Instead, it has simply rehearsed the

arguments that were previously presented and which the court declined to adopt.

The court is confident that the genuine disputes of material fact to be resolved at trial were clearly set forth.  The issue with which Philadelphia Indemnity seeks clarification was plainly stated.  It is for the jury to determine whether "improperly compacted soil" was the cause of the damage to the insured property or whether vibrations emanating from pile driving in the adjacent property were the exclusive cause.

## ORDER

For the foregoing reasons, defendant's motion is <u>DENIED</u>.  The case will be tried consistent with the court's rulings of law as reflected in its August 15, 2011 Memorandum and Order.  The Clerk will now assign the case a trial date.

SO ORDERED.

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE